# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL RODRIGUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 10-cv-294-DRH** |
| ) | |
| **DR. NAME UNKNOWN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for docket control.

Plaintiff, an inmate currently confined at the Tamms Correctional Center, filed a civil complaint in the United States District Court for the Central District of Illinois. On February 1, 2010, the Honorable Harold A. Baker, United States District Judge for the Central District of Illinois, conducted a review of Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. Judge Baker found that "[t]he only claim alleged in the body of the complaint concerns plaintiff's medical care . . . [at] Lawrence Correctional Center." *See* (Doc. 7) (Merit Review Order filed Feb. 1, 2010). Specifically, Plaintiff alleged that "his thumb had been injured in an assault with prison guards at Lawrence Correctional Center" and, consequently, Plaintiff was taken to see a doctor who put two stitches between Plaintiff's thumb and index finger. *Id*. After being stitched up, Plaintiff was "quickly transferred to Pontiac Correctional Center." With regard to this complaint, Judge Baker stated:

> The only defendant the plaintiff has identified in his complaint is the unnamed doctor who first saw him at Lawrence Correctional Center.

> Based on the complaint, the plaintiff has failed to articulate a violation of his Eighth Amendment rights against this individual. This doctor did treat the plaintiff by stitching up his injury. By plaintiff's own account, he was transferred very quickly to Pontiac Correctional Center. The plaintiff has not indicated how a doctor at Lawrence Correctional Center would have any control over the medical care at Pontiac Correctional Center. In addition, the plaintiff states that he did not feel numbness with his thumb or complain about any additional problems until *after* he was transferred. Therefore, the court will dismiss this claim since the plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.

*Id.* (emphasis in original). Nevertheless, Judge Baker allowed Plaintiff "one opportunity to file an amended complaint, because it appears he may have an Eighth Amendment claim against medical providers at Pontiac Correctional Center." *Id*.

Plaintiff, however, did not follow the Judge Baker's instructions to file an amended complaint against medical providers at Pontiac Correctional. *See* (Doc. 14) (Case Management Order filed April 16, 2010). Instead, Plaintiff filed a motion for preliminary injunction and a motion for clarification. In his motions, Plaintiff stated that he already had a case pending concerning his medical care at Pontiac Correctional Center, *Rodriquez v. Stuck*, Case No. 09-1412 (C.D. Ill.). *Id*. In his motion, Plaintiff stated that he was confused as to whether he should file a *separate* suit against the doctor at Lawrence Correctional Center.

On April 16, 2010, Judge Baker issued a Case Management Order informing Plaintiff that if he wished to pursue his claims against the doctor at Lawrence Correctional Center, then Plaintiff needed to file a separate lawsuit against the doctor. *Id.* Moreover, Judge Baker informed Plaintiff that venue for such an action would be proper only in the United States District Court for the Southern District of Illinois. *Id.* Accordingly, Judge Baker stated that he would transfer Plaintiff's case to this Court. *Id*. In his Order, however, Judge Baker went on to state:

> However, the plaintiff must still file an amended complaint clearly setting out his specific claims against the doctor at Lawrence Correctiona Center. The plaintiff should also atempt to provide the doctor's name which should be in his medical records. If the plaintiff fails to file an amended complaint, his case may be dismissed.

*Id.* The case was then transferred to this Court.

Based on the foregoing, this case is in an unusual posture. While there is a civil complaint, the only claim in that complaint was dismissed by Judge Baker prior to transferring it to this Court. Additionally, at the time he transferred the case to this Court, Judge Baker had a pending instruction for Plaintiff to file an amended complaint.

To date, Plaintiff has not filed an amended complaint seeking relief against the doctor at Lawrence Correctional Center as instructed by Judge Baker. Because the only possible claim in the original complaint was dismissed by Judge Baker before the case was transferred here, there is nothing for this Court to rule on.[1] Accordingly, the instant action is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED TO CLOSE THIS CASE**. All pending motions are denied as moot.

**IT IS SO ORDERED.**

**DATED:** August 25, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**

---

[1] Even if Judge Baker had not dismissed the claim, this Court would have. Like Judge Baker, this Court finds that the allegations of the complaint fail to state a claim against the doctor at Lawrence Correctional Center.